**Casalicchio**
**v.**
**Northeast Ohio Regional**
**Sewer District**
*[Cite as 4 AOA 327]*

*Case No. 57200, 57201*
*Cuyahoga County, (8th)*
*Decided June 28, 1990*

*Nicholas M. DeVito, Nicholas M. DeVito & Assoc., 1000 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Linda D. Cerny, Northeast Ohio Regional Sewer District, 3826 Euclid Avenue, Cleveland, Ohio 44115, for Defendant-Appellee.*

PEPPLE, J.

Plaintiff-appellant Joseph Casalicchio is appealing the dismissal of two consolidated civil actions regarding his discharge from employment by defendant-appellee, the Northeast Ohio Regional Sewer District. The trial court dismissed these two actions on appellee's motion for reconsideration of its prior motion to dismiss. We affirm the trial court's dismissal of appellant's claims pursuant to R.C. Chapter 124, but reverse and remand the trial court's dismissal of appellant's constitutional claims.

In a letter dated August 26, 1982, appellee discharged appellant from his position as Plant Maintenance Mechanic. Appellant sought damages for his alleged wrongful discharge in Cuyahoga County Court of Common Pleas against appellee district, the district's trustees, its director and former director.

Appellee district filed a motion to dismiss the complaint. By agreement of counsel, the trial court dismissed all of the defendants except for the appellee. The trial court also dismissed appellant's prayer for punitive damages and those counts alleging violations of equal protection and Section 1983, Title 42, U.S. Code. Before trial on the two remaining causes, deprivation of a property right in employment under due process and violation of R.C. Chapter 124, the trial court held that appellee district was a civil service employer subject to R.C. Chapter 124, and that appellant's remedy was therefore either a mandamus action or an administrative appeal to the State Personnel Board of Review.

Both parties appealed. By letter dated September 15, 1983, appellant also appealed his discharge to the State Personnel Board of Review.

The Board of Review stayed appellant's administrative appeal pending resolution of the claims in the Court of Appeals. The Court of Appeals reversed and remanded, holding that the trial court's conclusion that appellant was a civil service employee was unsupported by the evidence. The Court of Appeals also dismissed as premature the assignments of error regarding the trial court's dismissal of appellant's Section 1983 claim and claim for punitive damages. *Casalicchio v. Northeast Ohio Regional Sewer District, et al.* (May 24, 1984), Cuyahoga App. No. 47486, unreported.

On remand, the case was dismissed for want of prosecution. Following that dismissal, the State Personnel Board of Review dismissed appellant's administrative appeal.

Appellant appealed the Board's dismissal to the Court of Common Pleas (Cuyahoga C.P. No. 100698). Appellant also refiled the wrongful discharge action (Cuyahoga C.P. No. 101565). Appellee moved for dismissal of the administrative appeal as time-barred under R.C. 124.34. Appellant opposed the dismissal, and moved to consolidate the administrative appeal and wrongful discharge action. Appellee's motion to dismiss was denied and plaintiff's motion to consolidate was granted. On the court's request, appellee filed a motion for reconsideration of its motion to dismiss. The court granted the motion, dismissing the consolidated cases. Appellant timely appealed.

I.

Appellant's first assignment of error reads as follows:

"THE *SUA SPONTE* "RECONSIDERATION" OF THE DEFENDANT'S MOTION TO DISMISS, WHICH HAD PREVIOUSLY BEEN DENIED ONE YEAR PRIOR, CONSTITUTES AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR."

Appellant argues that the trial court should not have reconsidered appellee's motion to dismiss because the court may not reconsider a final judgmet, because the motion was untimely, because appellant was not afforded a hearing, and because appellee provided no new evidence to warrant reconsideration.

Pursuant to Civ. R. 54(B), in the absence of an express determination by the court that there is no just reason for delay,

"any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Since the denial of the motion to dismiss was not a final judgment adjudicating all claims, the motion to reconsider was timely and within the court's discretion. The court also acted properly even if no new evidence was produced, since Civ. R. 54(B) does not require same.

The court is not required to hold oral arguments on a motion for reconsideration. Civ. R. 7(B) provides for a court to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition" in order to expedite its business. Local R. 11(A) of the Court of Common Pleas of Cuyahoga County, General Division, provides that motions shall be determined without a hearing unless a hearing is requested. Appellant did not request a hearing on the appellee's motion for reconsideration. Appellant's first assignment of error is not well taken.

II.

Appellant's second assignment of error reads as follows:

"WHERE MATERIAL FACTUAL ISSUES EXIST AND ARE SUFFICIENTLY SET FORTH IN PLEADINGS AND BRIEFS BEFORE THE COURT, THE OHIO RULES OF CIVIL PROCEDURE PROHIBIT THE GRANTING OF A MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT."

Appellee's motion to dismiss was based on both Civ. R. 12(B)(1), lack of subject matter jurisdiction, and Civ. R. 12(B)(6), failure to state a claim upon which relief can be granted.

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 245. The court must take the material allegations of the complaint as admitted in making its determination. *State, ex rel. Alford,* v. *Willoughby Civil Service Comm.* (1979), 58 Ohio St. 2d 221, 223.

"The standard to apply for a dismissal pursuant to Civ. R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintif has alleged any cause of action cognizable by the forum." *Avco Financial Services Loan, Inc.* v. *Hale* (1987), 36 Ohio App. 3d 65, 67.

In Cuyahoga App. No. 57200 (Cuyahoga C.P. No. 100698), appellant appealed the dismissal of his administrative appeal by the State Personnel Board of Review pursuant to R.C. 124.34 and R.C. 119.12. R.C. 124.34 provides that appeals must be brought within ten days of the filing of an order of removal by the employer with the Board of Review. In this case, the employer claimed that it was not subject to R.C. Chapter 124 and therefore did not file an order of removal. However, the Ohio Administrative Code provides in §124-1-03 that where the employer fails to file an order of removal, an employee has thirty days from the date of his actual notice of discharge to file an appeal.

The pleadings indicate without doubt that appellant's appeal was not timely. Appellant did not appeal his discharge to the State Personnel Board of Review until September 15, 1983, more than one year after his discharge. Assuming *arguendo* that appellant is a civil service employee and is entitled to the protection of R.C. Chapter 124, his appeal was time-barred. We therefore affirm the trial court's dismissal of appellant's administrative appeal pursuant to Civ. 12(B)(6).

In Cuyahoga App. No. 57201 (Cuyahoga C.P. No. 101565), appellant appealed the dismissal of his wrongful discharge action. In his second cause of action, appellant again requested relief pursuant to R.C. Chapter 124. Assuming *arguendo* that appellant is a civil service employee and is therefore entitled to the protection of that

chapter, appellant's remedy to appeal his discharge was by administrative appeal to the State Personnel Board of Review. R.C. 124.34. The statutory remedy is exclusive; appellant cannot bring an independent action contrary to the statutory procedures. *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 212; *Jackson* v. *Kurtz* (1979), 65 Ohio App. 2d 152, 154. The common pleas court therefore lacked jurisdiction and properly dismissed appellant's second cause of action pursuant to Civ. R. 12(B)(1).

However, appellant has stated a claim for which relief could be granted in his first cause of action. Appellant alleged that he had a property right in his employment not only by virtue of R.C. Chapter 124, but also by virtue of appellee's "personnel polices, practices and procedures, which only allow for termination and/or suspension of employment for just cause." See Complaint, paragraph 6. Paragraph 11 of the complaint states that appellant's discharge unconstitutionally deprived him of his property rights in employment in violation of the due process clause of the first and fourteenth amendments of the U.S. Constitution.

The Supreme Court of Ohio has decided similar claims alleging a cause of action for deprivation of property rights in employment under the due process clauses of the U.S. Constitution without dismissing them pursuant to Civ. R. 12(B)(6). *Depas* v. *Board of Edn.* (1977), 52 Ohio St. 2d 193; *Borman* v. *Gorman-Fayette Board of Edn.* (1986), 28 Ohio St. 3d 151. An employee need not have explicit contractual guarantees for such rights to exist, if the employ ee has an expectation of continued employment based on rules or mutually explicit understandings. *Depas, supra,* at 198.

Therefore, taking the allegations of appellant's complaint to be true, we must conclude that appellant's complaint states a cause of action for unconstitutional deprivation of property rights in employment.

Appellant's second assignment of error is without merit as to Cuyahoga App. No. 57200 and as to the second cause of action in Cuyahoga App. No. 57201. Appellant's second assignment of error is well taken as to his first cause of action in Cuyahoga App. No. 57201 alleging unconstitutional deprivation of his property interest in continued employment. That cause is hereby remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

McMANAMON, C.J., and STILLMAN, J., concur.

Sitting by assignment of the Supreme Court of Ohio:

Frederick D. Pepple, Judge, Auglaize County Court of Common Pleas.

Saul G. Stillman, Retired, Eighth District Court of Appeals.