DECISION.
On November 3, 1997, Alisa Ackerman was killed while riding in a car driven by an uninsured motorist. At the time, Ackerman and her family were insured under a multi-car policy with State Farm Mutual Automobile Insurance Company. The policy contained uninsured-motorist coverage limits of $100,000 per person and $300,000 per accident. State Farm paid $100,000 to the Ackermans, asserting that the payment constituted full and complete satisfaction of its contractual obligations.
The Ackermans filed a complaint for declaratory judgment, seeking an additional $200,000 under the per-accident limits of their uninsured-motorist coverage. The Ackermans further sought a declaration that R.C. 3937.18, the statute under which the insurance policy was written, was unconstitutional, as well as a declaration that the policy itself was an unenforceable adhesion contract, and was ambiguous and should be construed against State Farm. The trial court granted State Farm's motion for summary judgment. The Ackermans appeal.
The Ackermans assign as error the trial court's findings that (1) R.C. 3937.18(H) does not violate Section 19a, Article I of the Ohio Constitution; (2) R.C. 3937.18(H) did not violate the Ackermans' rights under the Equal Protection and Due Process Clauses of the Ohio and United States Constitutions; (3) the State Farm policy was unambiguous; and (4) the policy was not an unconscionable adhesion contract.
Summary judgment is appropriate only when no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and with the evidence viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party.[1] An appellate court reviews the record de novo
to determine whether the moving party has met the burden imposed by law to establish its entitlement to summary judgment.[2]
We begin by considering the Ackermans' first two assignments of error, which address the constitutionality of R.C.3937.18(H). The Ackermans contend that R.C. 3937.18(H) violates Section 19a, Article I of the Ohio Constitution because it allows insurance carriers to combine distinct wrongful-death claims into a single claim, thereby limiting the damages recoverable by beneficiaries. The Ackermans also claim that R.C. 3937.18(H) violates their equal-protection and due-process rights under the Ohio and United States Constitutions because it allows insurance carriers to combine distinct wrongful-death claims into a single claim, thereby creating two distinct classes of claimants.
Two well-established legal principles guide our analysis of these constitutional arguments. The first is that "statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision."[3] The second cautions that "the legislature is the primary judge of the needs of public welfare, and this court will not nullify the decision of the legislature except in the case of a clear violation of a state or federal constitutional provision."[4]
In 1994, the legislature enacted Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, 210 ("Senate Bill 20"), thereby accomplishing, among other things, the amendment of R.C. 3937.18, which provides for the offering of uninsured/underinsured coverage by insurance carriers, and the enactment of R.C. 3937.44, which permits liability insurance policies with coverage limits for bodily injury to include terms and conditions making claims arising from one person's injury subject to the liability limit for injury sustained by one person. R.C. 3937.18(H) reads as follows:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit, shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
Basically, R.C. 3937.18(H) is the uninsured-motorist counterpart of R.C. 3937.44, and was enacted to supercede the effect of Savoiev. Grange Mut. Ins. Co.[5] In Savoie, the Supreme Court of Ohio declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one accident would be consolidated under the per-person liability limit.[6] R.C.3937.18(H) was enacted to declare such policy provisions enforceable.[7]
The Ackermans claim that R.C. 3937.18(H) allows a liability policy of insurance to limit multiple claims arising from one person's bodily injury to a single claim, thereby violating Section 19a, Article I of the Ohio Constitution. Section 19a provides, "The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." The Ackermans argue that R.C.3937.18(H), as applied to this case, is unconstitutional because the statute allows them to recover only the per-person limit of $100,000 from State Farm, not the per-accident limit of $300,000.
However, there is a distinction between civil damages and the right to recover on a claim under an insurance policy.[8] As Chief Justice Moyer stressed in his dissenting opinion in Savoie:
Section 19 a, Article I of the Ohio Constitution * * * states only that wrongful death damages shall not be limited "by law." [Emphasis added.] This means that there may be no artificially imposed cap, by statute or judicial decision, on total damages recoverable for wrongful death. See Kennedy v. Byers (1923),107 Ohio St. 90, 96, 140 N.E. 630, 632-633. It does not mean, nor does any pronouncement by this court or the General Assembly mean, that no insurance policy — a contract between the insured and the insurer for which the insured has paid a premium for certain levels of coverage — may limit a provider's liability if that policy clearly and unambiguously so provides. Indeed, if a provider's liability cannot be limited by contract, might one argue that the $300,000 per accident limits of the Grange and Motorist policies are unenforceable "limitations" of wrongful death damages? Even the majority does not contend that to be the case. To do so would eviscerate the insurance law of Ohio created by the General Assembly.[9]
We hold that R.C. 3937.18(H) does not violate Section 19a, ArticleI of the Ohio Constitution because the statute does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death. Instead, the statute speaks only to the contractual agreement between the insurer and the insured, and permits insurers to contractually limit recovery of uninsured-motorist benefits.[10] While the Ackermans are limited in the amount they may recover from State Farm because of the contractual terms of their insurance policy with State Farm, they are not limited in the amount of damages they may recover from the culpable motorist.
The Ackermans further claim that R.C. 3937.18(H) violates their rights to due process and equal protection as guaranteed by the Ohio and United States Constitutions. Because the Ackermans failed to argue their due-process claim below, we decline to consider it here.[11] Turning our attention to the Ackermans' equal-protection claims, we are guided by the Supreme Court of Ohio's discussion of the constitutionality of Senate Bill 20 in Beagle, supra:
"Whenever the law operates alike on all persons and property, similarly situated, equal protection cannot be said to be denied." Insureds carrying identical policy limits are treated the same under R.C. 3937.18(A)(2). The only classifications of insureds treated differently under R.C. 3937.18(A)(2) are those who, by contract, have chosen different policy limits.
* * * Differences in treatment based on the individual contract between the insurer and the insured do not impinge upon a fundamental right or burden a suspect class. Moreover, a rational basis undeniably supports giving effect to the policy limits bargained for by the parties. [Citations omitted.][12]
The Ackermans argue that R.C. 3937.18(H) creates two distinct classes of wrongful-death claimants under uninsured-motorist policies, distinguishing those family members of the same household purchasing policies from different carriers from those purchasing from the same carrier. We note first that there is nothing in the record to support such an assertion. Furthermore, insureds are free to reject uninsured/underinsured motorist coverage altogether if the terms of the coverage are repugnant to them.[13] R.C. 3937.18 merely permits, rather than requires, insurance companies to contractually limit recovery by wrongful-death beneficiaries whose claims arise under automobile insurance policies.[14] Therefore, because R.C. 3937.18(H) creates no classification, there is no discrimination that would implicate the Equal Protection Clauses of either the United States or the Ohio Constitution.[15]
Because we hold that R.C. 3937.18(H) does not offend Section 19a, Article I of the Ohio Constitution, or the Equal Protection Clauses of the United States and Ohio Constitutions, we overrule the first and second assignments of error.
In their third assignment of error, the Ackermans contend that the trial court erred in its finding that the State Farm insurance policy was neither inconsistent nor ambiguous. Where the language in an insurance policy is ambiguous and susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy.[16] However, where the plain and ordinary meaning of the language used in an insurance policy is clear and unambiguous, a court cannot resort to construction of that language.[17]
The insurance policy involved in this case provides that State Farm will pay for damages for bodily injury that an insured is "legally entitled to collect from the owner or driver of an uninsured motor vehicle." The Ackermans argue that this language can be interpreted to mean that State Farm will pay for all the damages that all of the insureds could collect from the tortfeasor under the law. However, the Ackermans ignore the following provision of the policy: "The amount of coverage is shown on the declarations page. * * * Under `Each Person' is the amount of coverage for all damages arising out of and due to bodily injury to one person. `Bodily injury to one person' includes all injury and damages to others arising out of and resulting from this bodily injury."
The declarations page on the Ackermans' policy provides uninsured-motorist coverage up to $100,000 under "Each Person." Since this accident involved the wrongful death of one person, Alisa Ackerman, the policy's $100,000 per-person limit is applicable. Similar language in a State Farm policy was found to be unambiguous by the Supreme Court of Ohio in State Farm Auto.Ins. Co. v. Rose.[18] Although Rose was overruled in part bySavoie, supra, the court's construction of the contract language remains valid. In Rose, the court held that it was "absolutely clear that all claims resulting from an injury to one person involved in a single accident will be subject to the `Each Person' limit of liability * * *."[19] Therefore, the third assignment of error is overruled.
In their fourth assignment of error, the Ackermans claim that the trial court erred in finding that the State Farm insurance policy was not an unconscionable adhesion contract. However, the Ackermans failed to prove this claim. Furthermore, insurance contracts with liability limits are enforceable.[20]
The fourth assignment of error is overruled.
The trial court properly granted summary judgment in favor of State Farm, where no genuine issue of material fact remained. Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., and Painter, J., concur.
[1] Civ.R. 56(B); see, e.g., Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798; Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
[2] Wille v. Hunkar Laboratories (Dec. 31, 1988), Hamilton App. No. C-971107, unreported, appeal not allowed (1999), 85 Ohio St.3d 1480,709 N.E.2d 851.
[3] Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,639 N.E.2d 31.
[4] Williams v. Scudder (1921), 102 Ohio St. 305, 131 N.E. 481; see, also, Beagle, v. Walden (1997), 78 Ohio St.3d 59,676 N.E.2d 506.
[5] (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.
[6] See Coletta v. Yang (Jan. 15, 1999), Montgomery App. No 17289, unreported, discretionary appeal allowed (1999), 86 Ohio St.3d 1406,711 N.E.2d 233.
[7] See Section 10 of Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 239.
[8] See Smith v. Mancino (1997), 119 Ohio App.3d 418, 695 N.E.2d 354, appeal not allowed (1997), 79 Ohio St.3d 1505, 684 N.E.2d 89.
[9] Savoie, supra, at 516 (Moyer, C.J., dissenting).
[10] Accord Waite v. Progressive Ins. Co. (1998), 128 Ohio App.3d 344,714 N.E.2d 981, appeal dismissed as improvidently allowed (1999), 85 Ohio St.3d 1226, 710 N.E.2d 275; Stephenson v. GrangeMut. Cas. Co. (Nov. 4, 1999), Franklin App. No. 98AP-1596, unreported; Carrier v. State Farm Mut. Auto. Ins. Co. (Sept. 16, 1999), Franklin App. No. 98AP-1291, unreported; Estate of Maata v.Progressive Spec. Ins. Co. (July 25, 1997), Lucas App. No. L-96-399, unreported; Stickney v. State Farm Mutual (Oct. 19, 1998), Richland App. No. 98 CA 7, unreported, appeal allowed (1999), 84 Ohio St.3d 1504, 705 N.E.2d 1244; Berry v. Przyborowski
(Nov. 19, 1999), Miami App. No. 99 CA 21, unreported. See, also,Alrjub v. Wheeler (June 30, 1999), Franklin App. No. 98AP-1270, unreported; Coletta, supra; Mancino, supra (R.C. 3937.44, the counterpart of R.C. 3937.18[H], does not violate Section 19a, Article I, Ohio Constitution).
[11] See Depas v. Bd. of Educ. (1977), 52 Ohio St.2d 193,370 N.E.2d 744.
[12] Beagle, supra, at 63.
[13] Ott v. Borchardt (1998), 127 Ohio App.3d 152,711 N.E.2d 1066, appeal not allowed (1998), 82 Ohio St.3d 1473,696 N.E.2d 602.
[14] See Carrier, supra.
[15] Conley v. Shearer (1992), 64 Ohio St.3d 284, 595 N.E.2d 862.
[16] Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414,715 N.E.2d 532, citing Derr v. Westfield Cos. (1992), 63 Ohio St.3d 537,589 N.E.2d 1278.
[17] Id., citing Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11,540 N.E.2d 716.
[18] (1991), 61 Ohio St.3d 528, 575 N.E.2d 459.
[19] Rose at 531; see, also, Rogers v. State Farm Mut. Auto. Ins.Co. (July 12, 1999), Butler App. No. CA98-10-215, unreported;Alrjub, supra; Stickney, supra.
[20] See, e.g., Beagle, supra; Coletta, supra; Stickney, supra.