### MINISTERIAL ACTS PERFORMED BY THE COURT.

Court of Appeals for Holmes County.

In the Matter of the Appointment of Grace E. Etter as Official Court Stenographer of Holmes County, Ohio.

Decided, October Term, 1913.

*Official Court Stenographers—Appointment of and Duration of Term— Control of a Court Over Its Own Orders During Term Limited to Judgments Rendered in Judicial Proceedings—Section 1546.*

1. The common pleas court has full authority to appoint an official stenographer for the court.
2. The term for which an appointment is made is fixed by statute at three years and can be for no other period, and the appointment becomes final the moment the appointee qualifies.
3. The rule which gives to a court control over its own orders and judgments during the term in which they are made is limited to orders and judgments in judicial proceedings, and does not extend to ministerial acts performed by the court as the agent of the state or county.

Meals, J. (sitting in place of Powell, J.); Voorhees, J., and Shields, J., concur.

Section 1546 of the General Code provides:

"When in its opinion the business requires it, the court of common pleas of a county may appoint a stenographic reporter as official stenographer of such court, who shall hold the appointment for a term of three years from the date thereof and until a successor is appointed and qualified, unless removed by the court, after good cause shown, for neglect of duty, misconduct in office or incompetency."

In pursuance of the authority given by this act, Grace E. Etter was, on January 14th, 1913, appointed official court stenographer by the Court of Common Pleas of Holmes County.

Was her appointment legally made? And if so, what is the duration of her term? An answer to these questions will, in our opinion, determine this controversy.

On January 14th, 1913, Miss Etter, who had been the official court stenographer of Holmes county for a number of years, resigned her position to take effect immediately, which resignation was on the same day duly accepted by the court. The resignation of Miss Etter having been accepted, the position became vacant. The court thereupon undertook to fill the position by making a new appointment to it. This it did on the same day by appointing Miss Etter, at a salary of $600 a year, whereas she had previously received $500 a year for her services.

Can there be any reasonable doubt as to the court's authority in the premises?

That the court had the power to make an appointment to the position, it being vacant, can not possibly be questioned.

Section 1546 of the General Code amply clothes the court with such power. That the court had the power to appoint Miss Etter seems equally certain. From anything that appears in the record, she was not disqualified to hold the position. That she had previously held it at a smaller salary and had resigned, probably because she was dissatisfied with the salary which she was receiving, did not disqualify her. In contemplation of law her right to the position and its emoluments was equal to that of any other person; and the court had full power to appoint her to the position. In our opinion, therefore, her appointment was legal.

Miss Etter having been legally appointed to the position, what is the duration of her term?

The appointment purports to be for a term of three years. but this fact is of no avail, as the court had not the power to fix the duration of such term; that is fixed by the statute itself. The only power given the court by the statute is the power to appoint; the statute fixes the length of the term at three years

from the date of the appointment and until a successor is appointed and qualified. This, therefore, must necessarily be the term for which Miss Etter was appointed, unless, as claimed, the power of the court to appoint was limited to the unexpired portion of the term from which she resigned, in which event her term under the appointment of January 14th, 1913, expired June 14th, last.

This contention is founded on the assumption that the Legislature intended to divide time into terms so far as it related to the operation of Section 1546 of the General Code, and that the first term commenced immediately upon the first appointment being made under the statute, and that subsequent terms were reckoned accordingly. If the Legislature intended that this construction should be given the act, we should think that it would have said so in the act and not have left it to the uncertainties of interpretation and construction. Moreover, the act seemingly contemplates that a person appointed in pursuance of its authority should hold the appointment for a term of three years and until a successor was appointed and qualified. Nothing is said in the act about terms or parts of terms in the sense in which these words are usually employed. It states that when the "business requires it, the court of common pleas of a county may appoint a stenographic reporter as official stenographer of such county, who shall hold the appointment for a term of three years from the date thereof and until a successor is appointed and qualified, unless removed by the court, after good cause shown, for neglect of duty, misconduct in office or incompetency."

The word "term" is obviously used in the statute in the sense of "period of time," and doubtless it was the intention of the Legislature to empower the court, when in its opinion the business of the court required it, and the position was vacant, to make a contract on behalf of the county with a stenographic reporter to serve as official stenographer of such court for the period of three years and for the convenience of the court, until a successor was appointed and qualified. The duration of such appointment would not be affected by any previous appoint-

ment under the act or be determined by it, but would continue for the time prescribed by the act.

We conclude, therefore, that by virtue of her appointment as stated, Miss Etter holds a contract with Holmes county as official court stenographer for the period of three years from the date of her appointment and until a successor to her is appointed and qualified.

But it is said that the court, within the term, to-wit, on April 5th, 1913, made an order modifying the order of appointment of January 14th, 1913, so that Miss Etter's term would expire on June 14th, 1913.

As we have pointed out, the statute fixes the duration of the term and not the court. The Legislature did not see fit to give to the court the power to fix and determine the length of the term. It simply designated the court of common pleas as the appointing power, as the agent of the county, in making a contract with a stenographic reporter as the official stenographer of such court. So it makes no difference whether the order of April 5th, 1913, modifying the order of appointment was made within the term or not. It could not legally have been made at any time after Miss Etter had accepted the appointment by qualifying in conformity with the statute.

The question resolves itself wholly into one of power in the court of common pleas to make the appointment. There being a vacancy in the position, and the business of the court requiring it, the court is clothed with power to make the appointment, and, in the absence of fraud, having made the appointment, its action is final and conclusive upon everybody, at least so soon as the person so appointed qualifies. A contract is then made between the county and the person so appointed which the court is powerless to destroy or impair by order made in term or otherwise.

It is said further in this action that the court of common pleas has control over its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them in its discretion.

This is true as a general proposition within certain limitations, but it is equally true that the court may not, with impunity,

commit *harakiri* upon the records of the court in term or at any other time. The court, we think, may not properly upon its own motion and without cause, unreasonably and unnecessarily disturb its orders and judgments even in term. Besides, the control of the court over its own orders and judgments in term is limited to orders and judgments rendered in judicial proceedings, and does not extend to ministerial acts performed by it as an agent of the state or county in making contracts on their behalf. The court having acted under such authority, its power is exhausted, and in the absence of fraud, its action is final.

The appointment of an official stenographer having been legally made, the person holding such appointment can not be removed except for neglect of duty, misconduct in office or incompetency. Before such person can be removed the existence of one or the other of these grounds must be established. We will not, however, consume time in a discussion of this matter, as it is not claimed that the order of April 5th, was made in pursuance of the power of the court to remove, nor under the record could any such claim be made with any reasonable expectation that it would receive favorable consideration at our hands.

In our opinion the judgment of the court of common pleas should be and is affirmed.