## MELLINGER et v STATE ex SPAGNOLA

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 29, 1933

J. H. Leighninger, Prosecuting Attorney, Youngstown, for plaintiffs in error.

P. J. Mellilo, Youngstown, for defendant in error.

## OPINION

By POLLOCK, J.

The city of Youngstown is operating under a charter. The charter was not introduced in evidence, but we find a copy of what is claimed to be the section providing for the appointment of solicitor for the city. That is all that appears as far as this case is concerned. There is no provision in the city of Youngstown for the appointment of city police prosecutor. There must have been some evidence introduced in this case, but we have been unable to find a bill of exceptions, yet in the prosecutor's brief he recites that Carl Armstrong, who was at the time of the appointment of the relator, the City Solicitor, testified in the hearing of this matter, and said that at the time of making the appointment he stated to Mr. Spagnola that he hoped it would be possible to have the relator remain as police prosecutor of the city of Youngstown during his term, but that he reserved the right at any time to dismiss the relator below as the police prosecutor of the city of Youngstown. That is probably what was testified to, but anyway, there is an allegation in the petition that he was appointed for four years. That was denied. So that the plaintiff below would be required to prove that his appointment was for a term certain.

So far as this case is concerned, the only thing we have as to the appointment of this party, is what is contained in the brief as to the testimony of Mr. Armstrong as to the appointment and term, and the fact that the city, by this resolution that was introduced, or section, rather, of the charter, I should say, has a city solicitor, and the question arising in this case and the question presented here is whether the city police prosecutor would come under the provisions of §4213 GC, which provides that an officer's salary should not be increased or decreased during his term, whether it applies to a person appointed to an official position without a term being fixed and defined and subject to the will of the appointing power.

In Words and Phrases, Vol. 8, page 6920, they define, or rather refer, to the word "term" as follows:

"The word 'term' when used with reference to the tenure of office ordinarily refers to a fixed and definite term and does not apply to an appointive office held at the pleasure of the appointing power."

Then the same proposition in reference to this subject in Corpus Juris, Vol. 46, page 964, where it is said:

"Where the term of office is not fixed by law, the officer is regarded as holding at the will of the appointing power even though the appointing power attempts to fix a definite term; and an officer removable at the pleasure of the appointing power has in the strict meaning of the word no 'term' of office."

But we have this very section of the statute under consideration by the Circuit Court in the 2 C.C., 167, the old series. §4313 GC was then §1717, and was in reference to the appointment of a health officer, providing that the board of health could appoint a health officer and assistants, and then the latter part of the section says all such appointees shall serve during the pleasure of the board. In the syllabus of this case it is said:

"A health officer does not come within the purview of §1717, prohibiting an increase of salary of an officer during his term."

And on page 168 this court says:

"The statute now applies to cases where there is an increase during the term. The word 'term' has significance, as we think, under that section of the statute. It simply means to limit. That is, during the period that the office is limited, during that period his salary shall not be increased. But in this case there is no limit fixed by law. It is at the pleasure of the board of health that gives the health officer his position. It is their pleasure. It is not a term, for the reason there is no limit to it. It may be likened unto a tenancy at will, not a term, because it has no limitation. Therefore, it would be difficult to bring such an employe within the terms of §1717, Revised Statutes, prohibiting an increase of salary of an officer during his term, whether he be elected or whether he be appointed."

So that we have §4213 GC constructed by a court of our own. We think it is a reasonable construction of this provision of the statute, and for that reason the judg-

ment of the court below is reversed and final judgment in favor of the plaintiff in error.

Judgment reversed.

FARR and ROBERTS, JJ, concur in the judgment.