THE STATE, EX REL. TRIMBLE, APPELLANT, *v.* STATE BOARD OF
COSMETOLOGY ET AL., APPELLEES.

(No. 77-49—Decided June 29, 1977.)

284

*Messrs. Clayman & Jaffy* and *Mr. Stewart R. Jaffy,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas W. Hess,* for appellees.

WILLIAM B. BROWN, J. The issue raised by this cause is whether a writ of mandamus should issue directing the State Board of Cosmetology to grant Ms. Trimble a hearing, to return her to employment, and to compensate her for her period of unemployment.

In *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, paragraph one of the syllabus, the prerequisites of an action in mandamus are set forth as follows:

"Where a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the law, an action in mandamus will lie originally in the Supreme Court or in the Court of Appeals."

Appellant argues that the State Board of Cosmetology is under a legal duty to grant her a hearing, reinstatement and back pay because (1) her discharge without a hearing violated her Fourteenth Amendment right not to be deprived of liberty or property without due process of law and (2)

her discharge was "unlawful and invalid" because it was made by the executive secretary without "the prior written approval of the board."

Appellant's due process claim is without merit. The requirements of procedural due process—including the right to a hearing claimed by appellant—"apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents* v. *Roth* (1972), 408 U. S. 564, 569. To have a protected property interest in a benefit such as continued employment by a state agency, an individual must have more than "an abstract need or desire for it" or a "unilateral expectation of it." He must, instead, "have a legitimate claim of entitlement to it." *Roth, supra,* at page 577.

Appellant does not have a statutory or express contractual claim of entitlement to continued employment. During her employment by the State Board of Cosmetology, appellant was a member of the unclassified civil service and was not, therefore, afforded the job security provided classified civil servants pursuant to R. C. Chapter 124.[1] Appellant contends, however, that her lack of statutory or express contractual tenure does not deprive her of a protected property interest in continued employment because she enjoyed "de-facto" tenure with the board by virtue of her title as permanent employee and a favorable evaluation.

It is true that a protected property interest need not be based on tenure or on explicit contractual guarantees of continued employment. *Perry* v. *Sindermann* (1972), 408 U. S. 593, 601. Therefore, one is not barred from asserting a due process claim merely because no statute or contract affirmatively grants his job security. However, in the absence of statutory or contractual guarantees of continued employment, one claiming a protected property interest must be able to produce "rules or mutually explicit under-

---

[1] R. C. Chapter 124 divides civil service employees into unclassified and classified service categories (R. C. 124.11). The former is *not* included in the latter (see R. C. 124.11) and is not subject to the tenure protection afforded the latter (see R. C. 124.34).

standings that support his claim of entitlement to the benefit." *Perry, supra*, at page 601.

Appellant has not produced such "rules or mutually explicit understandings." Her classification as a "permanent employee" does not evidence an understanding that she was guaranteed continued employment because she was also categorized as an unclassified employee, and, pursuant to Rule PL-35-46 of the Department of Administrative Services, she could be "removed" from her position "at the pleasure" of the appointing authority. Moreover, the fact that she received a favorable evaluation in 1974 could not be reasonably seen as a guarantee that her *future* performance, or the response of future supervisors to it, would insure continued employment. Under the facts of the instant cause, appellant does not have a property interest protected by the due process clause of the Fourteenth Amendment.

Appellant contends also that her discharge without a hearing violates her Fourteenth Amendment liberty interests. In *Roth, supra* (408 U. S. 564), at page 573, the court stated that an employee would be entitled to a hearing to protect his liberty interest were the state to make charges against him "that might seriously damage his standing and associations in his community" or were it, in declining to rehire him, to impose "a stigma or other disability" foreclosing "his freedom to take advantage of other employment opportunities." Appellant argues that the letter of April 23, 1975, charging her with "unprofessional, unethical and insubordinate" behavior and the minutes of the board meeting citing her "behavior and performance in the past" as reasons for terminating her employment, were sufficiently harmful to her reputation and her ability to pursue other employment opportunities so as to deprive her of her liberty. We do not find this argument persuasive.

The reasons given for terminating appellant's employment were not those contained in the letter of reprimand of April 23, but were the more general allusions to appellant's "behavior in the past" which appeared in the term-

ination letter of May 20 and the May 28 minutes of the board. Because the April 23 letter was not part of the termination process, there is some question as to whether appellant has a liberty interest arising out of the allegations in that letter. See *Bishop* v. *Wood* (1976), 426 U. S. 341. Assuming, *arguendo*, that the threat to appellant's liberty represented by the April letter of reprimand is subject, if sufficiently harmful, to due process protection at her termination, there is serious doubt whether the allegations in the letter of reprimand and those contained in the May letter and minutes are sufficiently damaging to hurt appellant's reputation in the community or to foreclose her future employment opportunities. In *Tichon* v. *Harder* (C. A. 2, 1971), 438 F. 2d 1396, 1402, the Court of Appeals stated:

"Although every dismissal for reasons other than reduction in the work force can be said to have some impact on future employability * * * in the absence of a clear, immediate and substantial impact on the employee's reputation which effectively destroys his ability to engage in his occupation, it cannot be said that a right of personal liberty is involved."

The allegations in the instant cause do not appear to have the requisite impact on appellant's reputation. The May letter and board meeting minutes refer merely to appellant's past behavior and performance. The April 23 letter clearly refers to appellant's "unprofessional, unethical and insubordinate" behavior on a *single* occasion. The three communications, viewed separately or as a whole, do not accuse appellant of "dishonesty or immorality," and they do not have the effect of invoking regulations which bar appellant "from all other public employment * * *." *Roth, supra,* at page 573. We find, therefore, that appellant's termination without a hearing did not violate her Fourteenth Amendment liberty interests.

Appellant's third argument is that, pursuant to R. C. Chapter 4713, her termination was unlawful and invalid because it was made by the executive secretary of the board

who did not have the power to terminate her without the board's *prior* approval.²

The Court of Appeals found that appellant's employment was "terminated by action of the State Board of Cosmetology as well as by action of its executive secretary,"³ and that "[t]he only possible issue" arising out of appellant's R. C. Chapter 4713 claim "is whether the termination of relatrix's employment would be effective May 23, 1973, or May 28, 1973." Appellant contends that she was not lawfully fired at *either* date. Because appellant has not previously raised the issue of *when* her termination was effective, it is not necessary for us to decide it. See *State* v. *Abrams* (1974), 39 Ohio St. 2d 53.

For the foregoing reasons we find that the State Board of Cosmetology is not under a legal duty to afford appellant a hearing, reinstatement or back pay and that mandamus should not issue. We therefore affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE and P. BROWN, JJ., concur.
HERBERT, J., concurs in the judgment.
SWEENEY and LOCHER, JJ., dissent.

LOCHER, J., dissenting. On an appeal as a matter of right from a judgment of the Court of Appeals in an action in mandamus, this court will review the judgment as if the action had been filed in this court. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

A review of the circumstances of this case reveals not

---

²R. C. 4713.02 provided that the State Board of Cosmetology "may employ necessary inspectors and clerks." The same statute also provides that the board "shall, annually, appoint a secretary who is not a member of the board" and "shall prescribe the duties of its officers."

³This finding is supported by the minutes of the May 28 board meeting which disclose that the board unanimously approved appellant's termination.

only that appellant was dismissed from her job without a hearing but also was denied the opportunity to refute the charges, which could be injurious to her reputation. Appellant has presented to this court a copy of a request by the Ohio Bureau of Employment Services for additional information concerning the reasons for her termination of employment. The reply indicates, in so many words, that appellant was insubordinate, unprofessional and unethical, and it is signed by the executive secretary of the Board of Cosmetology, Mr. Dawson. Despite the fact that appellant, an unclassified employee, may be discharged without cause, if discharged allegedly for reasons which could seriously injure future employment opportunities, and these reasons are communicated to third persons, appellant has a right to a hearing to rebut these charges and thus clear her record. *Board of Regents* v. *Roth* (1972), 408 U. S. 564; *Arnett* v. *Kennedy* (1974), 416 U. S. 134; *Bishop* v. *Wood* (1976), 426 U. S. 341, 48 L. Ed. 2d 684. There can be little doubt that these disparaging remarks would prove injurious to appellant's attempt to find future employment. Furthermore, as demonstrated by appellant, these alleged reasons for dismissal have already been transmitted to a third party.

It is apparent that, throughout this entire matter, the Board of Cosmetology has failed to seriously consider appellant's dismissal and merely accepted the actions of its executive secretary. The damaging nature of the remarks, that are now a part of appellant's record, requires that a hearing be held to afford appellant an opportunity to rebut these aspersions and to enable the Board of Cosmetology to determine the veracity of the given reasons for termination.

Therefore, I must respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.