MACKIN, APPELLANT, *v.* CITY OF AVON LAKE ET AL., APPELLEES.

(No. 3538—Decided November 2, 1983.)

Mr. John F. Mackin, pro se.

Mr. David A. Sierleja, assistant law director, for appellees.

BAIRD, J. Plaintiff-appellant, John F. Mackin, brought this taxpayer's action to challenge a raise given the Avon Lake Law Director. Defendants-appellees moved for summary judgment and the trial court granted defendants' motion. Plaintiff now appeals.

Assignment of Error

"The court erred as a matter of law in granting defendants' motion for summary judgment and dismissing [the] case in its entirety."

Section 12, Chapter II of the Avon Lake Charter provides in part:

"'* * * Council shall by ordinance fix all salaries and rates of compensation; but the salary or rate of compensation of an elected or appointed official, officer or employee who has been elected or employed for a definitely fixed period of time, shall not be increased or decreased during the term of office or appointment. * * *'"

The trial court concluded that this provision does not apply to the law director and plaintiff argues that this conclusion is erroneous. Section 37, Chapter VII of the Avon Lake Charter provides in part:

"The Director of Law shall serve at the pleasure of Council for a term not exceeding two (2) years, nor in any event to

exceed the duration of the elective term of Council which appoints him. * * *"

At issue is whether this language creates an employment for a definitely fixed period or term of office. We conclude it does not.

While a term of office ordinarily contemplates a limit beyond which the office may not be held, *State, ex rel. Miller,* v. *Council of Massillon* (1902), 2 Ohio C.C. (N.S.) 167, it also means the period of time for which the incumbent has a right to that office, *Stage* v. *Coughlin* (C.P. 1912), 12 Ohio N.P. (N.S.) 419. With an appointment for a definite term the term for which the appointment is made is fixed, and can be for no other period. *In re Appointment of Etter* (1913), 2 Ohio App. 165. When, however, an individual serves at the pleasure of the appointing body, that individual has no right to the office for any specific period and the appointment is not made for a fixed and definite period of time. *Mellinger* v. *State, ex rel. Spagnola* (App. 1933), 16 Ohio Law Abs. 3; *Stage* v. *Coughlin, supra.* In this case the charter provides for both a specified term and for removal at the pleasure of the appointing authority. These provisions are not in conflict, and provide that the appointee holds the office at the pleasure of the appointing authority, but in no event longer than the term. Such a provision gives rise to an indefinite term. *Kline* v. *Sheffield Lake* (May 11, 1983), Lorain App. No. 3447, unreported. Moreover, it is noted that while Section 12, Chapter II of the Charter prohibits pay adjustments for persons "* * * employed for a definitely fixed period of time * * *," the ordinance which employed the law director provided for a term having no specified length. Accordingly, we overrule this assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.