OPINION
{¶ 1} Appellant, Richard P. Bricker, appeals the decision of the Preble County Court of Common Pleas dismissing his claim for damages against appellee, Board of Education of the Preble Shawnee Local School District ("the board"), after finding the board breached its employment contract with appellant. For the reasons that follow, we affirm the trial court's *Page 2 
decision.
 {¶ 2} In June 2000, appellant entered into an employment contract with the board to serve as superintendent of the Preble Shawnee Local School District for a period of five years, from August 1, 2000 through July 31, 2005. The contract was revised in January 2003 upon the parties' agreement, with the period of employment remaining through July 31, 2005. Paragraph 16 of the revised contract sets forth evaluation procedures the board agreed to undertake with respect to appellant's performance as superintendent:
 {¶ 3} "The Board shall evaluate the Superintendent in writing signed by all Board members, at least once annually during the term of this contract by conducting an evaluation at an executive session at either a regular or special board meeting. * * * This evaluation shall be conducted at least 90 days prior to any action by the Board on a subsequent term of the Superintendent's contract. In the event the Board determines that the performance of the Superintendent is unsatisfactory in any respect, the Board shall include recommendations as to areas of improvement in all instances where the Board deems performance to be unsatisfactory. A copy of the written evaluation shall be given to the Superintendent. The Superintendent shall have the right to make a written response to the evaluation and said response will become part of the Superintendent's official personnel file."
 {¶ 4} In March 2004, appellant requested that the board extend his contract of employment as superintendent for two additional years, from August 1, 2005 through July 31, 2007. The board rejected appellant's request by a 5-0 vote. During a board meeting in February 2005, the board took action to not renew appellant's employment contract. On February 17, 2005, appellant received written notification of the board's intent to not reemploy him as superintendent. Appellant thereafter served as superintendent until the expiration of his employment contract on July 31, 2005. The board subsequently employed appellant as a teacher for the 2005-2006 school year, and again for the 2006-2007 school year. Appellant *Page 3 
retired from employment with the board in March 2007.
 {¶ 5} In October 2005, appellant filed a complaint against the board, alleging the board breached the contract governing his employment as superintendent by failing to evaluate his performance, and deprived him of a property interest without due process of law. Appellant sought a declaratory judgment that his contract had been automatically renewed and that he was entitled to continued employment as superintendent, as well as a writ of mandamus ordering the board to reemploy him as superintendent with pay for any economic losses.
 {¶ 6} Appellant subsequently moved for summary judgment on the issue of liability only, which the trial court granted after finding the board had breached the provisions of paragraph 16 of the contract. The trial court's determination as such is not at issue on appeal. The board thereafter moved for summary judgment, arguing that appellant was not entitled to (1) a due process hearing before the board took action to not renew his contract, (2) a declaratory judgment that his contract was automatically renewed, or (3) a writ of mandamus compelling the board to reemploy him as superintendent. The trial court granted the board's motion as to these matters. A bench trial was later conducted on the issue of damages arising out of the board's breach, at the conclusion of which the trial court found that appellant failed to prove he was entitled to his alleged damages equating to two years worth of salary and fringe benefits he would have earned as superintendent. The trial court dismissed appellant's complaint accordingly.
 {¶ 7} Appellant timely appealed the trial court's decision, advancing four assignments of error. For ease of discussion, appellant's assignments of error shall be addressed out of order in this opinion.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE *Page 4 
BOARD OF EDUCATION SUMMARY JUDGMENT ON APPELLANT RICHARD BRICKER'S CLAIM FOR A DECLARATORY JUDGMENT IN WHICH HE SOUGHT A DECLARATION THAT HE WAS ENTITLED TO REINSTATEMENT."
 {¶ 10} In his second assignment of error, appellant argues the trial court erred in granting the board's summary judgment motion as to appellant's request for a declaratory judgment that he was entitled to automatic renewal of his contract and reinstatement as superintendent as a result of the board's breach of contract. We find this contention without merit.
 {¶ 11} On appeal, a trial court's decision granting summary judgment is reviewed de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ. R. 56(C); Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The movant bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 12} R.C. 3319.01 provides:
 {¶ 13} "[T]he board of education * * * shall, at a regular or special meeting held not later than the first day of May of the calendar year in which the term of the superintendent expires, appoint a person possessed of the qualifications provided in this section to act as superintendent, for a term not longer than five years beginning the first day of August and ending on the thirty-first day of July. Such superintendent is, at the expiration of a current term of employment, deemed reemployed for a term of one year at the same salary plus any *Page 5 
increments that may be authorized by the board, unless such board, on or before the first day of March of the year in which the contract of employment expires, either reemploys the superintendent for a succeeding term as provided in this section or gives to the superintendent written notice of its intention not to reemploy the superintendent. * * *
 {¶ 14} "Each board shall adopt procedures for the evaluation of its superintendent and shall evaluate its superintendent in accordance with those procedures. An evaluation based upon such procedures shall be considered by the board in deciding whether to renew the superintendent's contract. The establishment of an evaluation procedureshall not create an expectancy of continued employment. Nothing in thissection shall prevent a board from making the final determinationregarding the renewal or failure to renew of a superintendent'scontract." (Emphasis added.)
 {¶ 15} While appellant argues R.C. 3319.01 is inapplicable because the present matter involves a breach of contract action rather than a statutory claim, a board of education is "a creature of statute" and has "no more authority than that conferred upon it by statute or what is clearly implied by statute." Hall v. Lakeview Local School Dist. Bd. ofEdn. (1992), 63 Ohio St.3d 380, 383. Moreover, it is "a well-settled principle that the statutory law existing at the time a contract is executed becomes part of the contract." Federal Financial Co. v.Turner (Sept. 1, 1999), Mahoning App. No. 97 CA 144, 1999 WL 689218, at *3, citing Eastern Mach. Co. v. Peck (1954), 161 Ohio St. 1, 6. Since the contract in this case provides no remedies or procedures for a failure of the board to comply with evaluation provisions that supersede the provisions of R.C. 3319.01, we find the statute is applicable in determining whether appellant is entitled to the remedies he has sought in this action. See Hunt v. Westlake City School Dist. (1995),100 Ohio App.3d 233, 240, 242.
 {¶ 16} Significantly, the Ohio Supreme Court has held that where a superintendent receives timely written notice of nonrenewal pursuant to R.C. 3319.01, a failure by the board to *Page 6 
to comply with evaluation procedures does not entitle the superintendent to reemployment for an additional term. State ex rel. Stiller v.Columbiana Exempted Village School Dist. Bd. of Edn., 74 Ohio St.3d 113,116, 1995-Ohio-266. By contrast, statutory evaluation procedures applicable to teachers expressly provide that a board's failure to comply with evaluation requirements results in reemployment. R.C. 3319.11; R.C. 3319.111. As noted by the Ohio Supreme Court, had the General Assembly intended "board compliance with * * * evaluation provisions * * * be a prerequisite to a valid board decision not to renew" the contracts of other employees such as administrators and superintendents, "it would have so provided, as it did in R.C. 3319.11
for teacher's contracts." State ex rel. Cassels v. Dayton City SchoolDist. Bd. of Edn., 69 Ohio St.3d 217, 222, 1994-Ohio-92. While some Ohio courts have expressed concern that this interpretation renders the evaluation procedures meaningless and "`directory' in effect," the Ohio Supreme Court has not deviated from such interpretation and the legislature has yet to amend or modify the statute. See Warren v.Trotwood-Madison City School Dist. Bd. of Edn. (March 19, 1999), Montgomery App. No 17457, 1999 WL 148233, at *7.
 {¶ 17} In this case, the trial court granted the board summary judgment as to appellant's claim of entitlement to automatic renewal of his contract as superintendent. The court, applying Stiller, determined that because appellant received timely written notice of the board's intention to not renew his contract, he was not entitled to renewal of his contract, notwithstanding the board's breach in failing to comply with evaluation procedures. Appellant does not dispute that he received written notification of the board's intent to not renew his contract on February 17, 2005, in accordance with R.C. 3319.01.
 {¶ 18} Under the clear statutory language of R.C. 3319.01 and case law interpreting the same, we find the trial court correctly found the board's failure to comply with evaluation procedures did not entitle appellant to reemployment as superintendent for an additional term. *Page 7 
We therefore find the trial court did not err in finding the board was entitled to judgment as a matter of law as to this issue. Appellant's second assignment of error is accordingly overruled.
 {¶ 19} Assignment of Error No. 1:
 {¶ 20} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY HOLDING THAT, AS A MATTER OF LAW, APPELLANT RICHARD P. BRICKER IS NOT ENTITLED TO RECOVER HIS SALARY AND FRINGE BENEFIT LOSSES."
 {¶ 21} Similar to the arguments presented in his second assignment of error, appellant argues in his first assignment of error that the trial court erred in failing to award damages equating to two years worth of salary and benefits appellant would have earned as superintendent had his contract been renewed. We disagree with this assertion.
 {¶ 22} "The fundamental rule of law of damages is that the injured party should be made whole for the wrong suffered. A party injured by a breach of contract is awarded damages to place the party in the same position which he or she would have been had the contract been performed." Mesarvey, Russell Co. v. Boyer (July 30, 1992), Franklin App. No. 91AP-974, 1992 WL 185656, at *13. See, also, State ex rel.Stacy v. Batavia Local School Dist. Bd. of Edn., 105 Ohio St.3d 476,2005-Ohio-2974, ¶ 26.
 {¶ 23} Here, the record indicates that during a bench trial on the matter of damages, appellant presented evidence demonstrating the difference between the salary and benefits he received as a teacher and the salary and benefits he would have received as superintendent had his contract been renewed. The trial court concluded that because appellant was not entitled to reinstatement as superintendent, he was not entitled to such monetary damages. Indeed, as noted by the trial court, even had the board complied with the evaluation procedures set forth in the contract, there is nothing in the record to suggest the board would have renewed appellant's contract beyond the contract's July 3, 2005 expiration date. *Page 8 
date.
 {¶ 24} We agree that because appellant was not entitled to renewal of his contract as a result of the board's failure to follow evaluation procedures, appellant was not entitled to the damages he sought at trial. R.C. 3319.01 and the case law interpreting the statute make clear that the board's failure to comply with evaluation procedures did not entitle appellant to reemployment as superintendent for an additional term. Because the only evidence of damages appellant introduced to the trial court included what he would have made in salary and benefits as superintendent had his contract been renewed, we find the trial court did not err in finding appellant failed to demonstrate any damages to which he was entitled. Appellant's first assignment of error is therefore overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE BOARD OF EDUCATION SUMMARY JUDGMENT ON APPELLANT RICHARD BRICKER'S DUE PROCESS CLAIM."
 {¶ 27} In his third assignment of error, appellant argues the trial court erred in granting the board's motion for summary judgment as to his claim that the board violated his due process rights in not renewing his contract as superintendent. We disagree.
 {¶ 28} "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth (1972), 408 U.S. 564, 569, 92 S.Ct. 2701. In the employment context, a person may assert a property interest in continued employment where he has a "`legitimate claim of entitlement to it.'" Depas v. Highland LocalSchool Dist. Bd. of Edn. (1977), 52 Ohio St.2d 193, 197, quotingRoth.
 {¶ 29} "`[I]n the absence of statutory or contractual guarantees of continued employment, one claiming a protected property interest must be able to produce rules or *Page 9 
mutually explicit understandings that support his claim of entitlement to the benefit.'" Id. at 198, quoting State ex rel. Trimble v. State Bd.of Cosmetology (1977), 50 Ohio St.2d 283, 285-286. (Internal citations omitted). The Ohio Supreme Court has held that an employee is "not entitled to Fourteenth Amendment due process protection when his asserted property interest in continued employment consists only in school board policy to determine reappointment (but not to guarantee it) by considering certain stated criteria." Id. at syllabus.
 {¶ 30} In this case, appellant's asserted property interest in continued employment consists in the provisions of his contract setting forth evaluation procedures the board agreed to undertake in exchange for appellant's service as superintendent. As stated, however, while the board failed to comply with such evaluation procedures, such failure did not give rise to an entitlement to or expectancy of renewal of the contract under either the terms of the contract or R.C. 3319.01. Moreover, appellant failed to produce any "rules or mutually explicit understandings" evidencing an entitlement to continued employment in the absence of statutory or contractual guarantees. Accordingly, appellant was not entitled to due process protection beyond that required by R.C. 3319.01, with which the board complied in this case. The record demonstrates, and it is not disputed here, that appellant received timely written notice of the board's intention to not renew his contract.
 {¶ 31} Based upon the foregoing, we find the trial court did not err in finding the board was entitled to judgment as a matter of law on the matter of appellant's due process claim. Appellant's third assignment of error is therefore overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING WITNESSES TO OFFER INADMISSIBLE EVIDENCE."
 {¶ 34} In his final assignment of error, appellant argues the trial court erred in allowing witnesses to offer irrelevant evidence during the bench trial on damages. Specifically, *Page 10 
appellant contends the trial court erred in allowing board members to testify whether they had made a decision regarding whether to renew appellant's contract in March 2004. As appellant recognizes in his argument, however, the trial court found the board breached its employment contract with appellant by failing to comply with evaluation procedures that would have provided appellant with the board's recommendations as to areas of his performance needing improvement.
 {¶ 35} "[I]t is fundamental that error in the admission or exclusion of evidence will be reversed only if such error is prejudicial to the complaining party." Bell v. Giamarco (1988), 50 Ohio App.3d 61, 65. As previously discussed, the trial court correctly found that appellant was not entitled to the damages he sought as a result of the board's breach, which included automatic renewal of his contract as superintendent or two years worth of salary and benefits he would have earned as superintendent had his contract been renewed. Under R.C. 3319.01 and interpreting case law, the board was not required to renew appellant's contract regardless of the outcome of its evaluation of appellant or whether it fully complied with evaluation procedures. Accordingly, we find appellant has failed to demonstrate any prejudice resulting from the court's alleged error in admitting evidence concerning the board members' intentions with respect to appellant's employment as superintendent.
 {¶ 36} Appellant's fourth assignment of error is therefore overruled.
 {¶ 37} Judgment affirmed.
 WALSH, P.J. and YOUNG, J., concur. *Page 1