[Cite as *Curren v. Greenfield*, 2012-Ohio-4688.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

CONRAD A. CURREN, :
:
    Plaintiff-Appellant, : Case No. 11CA30
:
    vs. : **Released: October 1, 2012**
:
CITY OF GREENFIELD, HARVEY : <u>DECISION AND JUDGMENT</u>
L. EVERHART, EARLENE SCOTT, : <u>ENTRY</u>
JOHN N. WAGONER, AND :
CHARLES V. BOWMAN, :
:
    Defendants-Appellees. :
_____

<u>APPEARANCES:</u>

Jon C. Hapner, Hapner & Hapner, Hillsboro, Ohio, for Appellant.

Lawrence E. Barbiere, Schroeder, Maundrell, Barbiere & Powers, Mason, Ohio, for Appellees.
_____

McFarland, J.:

{¶1} Appellant, Conrad Curren, appeals the trial court's grant of summary judgment in favor of Appellees, City of Greenfield, Harvey Everhart, Earlene Scott, John Wagoner and Charles Bowman. On appeal, Appellant raises a single assignment of error, contending that the trial court erred when it granted Appellees' motion for summary judgment. After construing the record and all inferences therefrom in Appellant's favor, we find there are no genuine issues of material fact, Appellees are entitled to

judgment as a matter of law, and reasonable minds can come to but one conclusion, and that conclusion is adverse to Appellant. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} After adopting a city manager form of government, on September 18, 2008, the city of Greenfield adopted Ordinance 26-08 appointing Appellant as law director of the city of Greenfield for a period of one year. Prior to this, Appellant was the duly elected and acting law director for the city. Ordinance 26-08 provided that Appellant was being appointed to an unclassified position in the non-bargaining unit.

{¶3} On October 1 and November 4, 2008, city council took formal action to terminate Appellant's employment as law director. This is reflected in meeting minutes from the public council hearings that were held, and it also appears in a resolution made during a public hearing. Subsequently, on November 10, 2008, the city of Greenfield passed Ordinance 29-08, which terminated Appellant from the position of law director, effective immediately. Appellant contends that the actions of council were improperly performed during executive session and in violation of Sunshine Law. In the interim, on October 19, 2008, members of city

council also filed a complaint with the Disciplinary Counsel regarding Appellant's actions as law director. Appellant claims that one of the signatures on the report which purported to be that of council member Bernard Hester was forged.

{¶4} Appellant filed a complaint against Appellees herein on January 3, 2011, and then filed an amended complaint on January 12, 2011.[1] Appellant's amended complaint alleged that he was wrongfully terminated, and claimed that Appellees had fraudulently conspired against him in his termination, as well as the report to the Disciplinary Counsel. Appellant's complaint also alleged violations of Ohio's Open Meetings Act, commonly referred to as the Sunshine Law, under R.C. 121.22. Appellees filed their answer denying the allegations contained in Appellant's amended complaint on January 28, 2011.

{¶5} Appellees moved the court for summary judgment on June 30, 2011, which the trial court denied on August 10, 2011. As a result, Appellees filed a notice of appeal with this Court on August 11, 2011. However, by agreement of the parties and at the request of the trial court, the appeal was dismissed and Appellees re-briefed and re-filed their motion for

---

[1] A review of the trial court's decision and Appellant's brief indicates that Appellant originally filed a complaint in 2009, then voluntarily dismissed it pursuant to Civ.R. 41(A) and later re-filed it in 2011. However, as Appellant has not provided us with the record from the earlier filing, we have not been able to verify that on appeal.

summary judgment.  The trial court issued a decision on October 25, 2011, granting summary judgment to Appellees, and then issued its entry on November 15, 2011.  It is from this entry that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT IN THIS CAUSE."

## ISSUES

1.     "Does the plaintiff hold office for one year, as the ordinance ordained, since said ordinance was not repealed?"

2.     "Did any ground exist for termination in that differences of opinion existed as to law, and such differences are not breaches of faith or violation of fiduciary duties[?]"

3.     "Would the members of Council have immunity if there is a lack of good faith?"

4.     "The issue of the Sunshine Law was not terminated by the statute of limitations, and does a violation of the Sunshine Law invalidate the acts of Council?"

## SUMMARY JUDGMENT STANDARD OF REVIEW

{¶6} When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that

reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881, (1988); citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, (1978); See also, Civ.R. 56(C).

{¶7} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264, (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); See also *Hansen v. Wal–Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

**{¶8}** Further, the present case involves questions, which are discussed more fully below, as to whether certain affidavits offered by Appellant were properly stricken. "For evidentiary material attached to a summary judgment motion to be considered, the evidence must be admissible at trial." See Civ.R. 56(E) and *Pennisten v. Noel*, 4th Dist. No. 01CA669, 2002-Ohio-686, at *2. Although we conduct a de novo review of the trial court's decision to grant summary judgment, we review the court's rulings on the admissibility of evidence for an abuse of discretion. *Lawson v. Y.D. Song, M.D., Inc.*, 4th Dist. No. 97 CA 2480, 1997 WL 596293, *3 (Sept. 23, 1997); See also, *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343, at paragraph two of the syllabus (1987). The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

**{¶9}** Civ.R. 56(E) states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Personal knowledge" is " '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, quoting Black's Law Dictionary (7th Ed.Rev. 1999) 875. It is " 'knowledge of factual truth which does not depend on outside information or hearsay.' " *Residential Funding Co., L.L.C. v. Thorne*, 6th Dist. No. L-09-1324, 2010-Ohio-4271, ¶ 64, quoting *Modon v. Cleveland*, 9th Dist. No. 2945-M, 1999 WL 1260318, at *2 (Dec. 22, 1999).

## ISSUE 4

{¶10} For ease of analysis, we address Appellant's fourth sub issue out of order. In his fourth sub issue raised under his sole assignment of error, Appellant contends that the issue of the Sunshine Law[2] was not terminated, and questions whether a violation of the Sunshine Law invalidates acts of Council. A review of the record reveals that the trial court granted summary judgment to Appellees on all issues related to Sunshine Law violations. Particularly, the trial court determined that

---

[2] Appellant's use of the term "Sunshine Law" is a reference to Ohio's Open Meetings Act, as contained in R.C. 121.22.

Appellant's claims based upon violations of the Sunshine Law were barred by the statute of limitations. For the following reasons, we agree.

{¶11} R.C. 121.22 governs meetings of public bodies and provides in section (I)(1) that an "action shall be brought within two years after the date of the alleged violation or threatened violation." See also *Mollette v. Portsmouth City Council*, 179 Ohio App.3d 455, 2008-Ohio-6342, 902 N.E.2d 515, ¶ 25 (4th Dist.). Appellant alleges a violation of the Sunshine Law occurred in connection with his termination from the position of law director during a council meeting in October of 2008. Appellant contends that he filed a complaint against Appellees in February 2009 which claimed a violation of the Sunshine Law. Appellant further represents that the 2009 complaint was dismissed on a Civ.R. 41(A) motion on January 4, 2010. The present action was not initiated until January 3, 2011. An amended complaint was subsequently filed on January 12, 2011. Both of the 2011 filings asserted Sunshine Law violations.

{¶12} In granting summary judgment to Appellees on Appellant's Sunshine Law claim, the trial court indicated that Appellant's original complaint filed in 2009 did not raise the issue of the Sunshine Law violation and that the time expired before the filing of the amended complaint, per R.C. 121.22(I)(1). As such, the trial court determined that the statute of

limitations bars any issues regarding the Sunshine Law.  After thoroughly reviewing the record on appeal, we have been unable to locate a copy of the 2009 complaint.  The documents transmitted to this Court begin with the filing of the January 3, 2011, complaint.

{¶13} We do not have the record from the original complaint filed in 2009.  " 'Pursuant to App.R. 9(A), the record on appeal must contain "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" ' " *State v. Bailey*, 4th Dist. No. 09CA3287, 2010-Ohio-2239, ¶ 57; citing *State v. Dalton*, 9th Dist. No. 09CA009589, 2009-Ohio-6910, ¶ 25, quoting App.R. 9(A). Furthermore, " '[i]t is the appellant's duty to transmit the [record] to the court of appeals. * * * This duty falls to the appellant because the appellant has the burden of establishing error in the trial court.' " *Bailey* at ¶ 57; citing *Dalton* at ¶ 2; citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (internal citations omitted).

{¶14} As Appellant has not provided us with the record from the 2009 case, we have nothing to review in regards to the statute of limitations on the Sunshine Law issue.  Thus, "we must presume the regularity of the trial court proceedings;" i.e., we must presume that the original complaint filed in

2009 did not raise a Sunshine Law violation. *State v. Bailey* at ¶ 58. As such, we cannot conclude that the trial court erred in granting summary judgment in favor of Appellant's claim, which was barred by the statute of limitations. Accordingly, Appellant's fourth sub issue raised under his sole assignment of error is without merit.

### ISSUES 1 AND 2

{¶15} We address Appellant's first and second sub issues together, as they are interrelated. The first issue raised by Appellant questions whether Appellant held office for one year, as the ordinance ordained, since the ordinance was not repealed. The second issue raised by Appellant questions whether any grounds for termination existed where differences of opinion as to law existed, and where such differences were not breaches of faith or violations of fiduciary duties.

{¶16} Appellant's issues are premised on his contention that he was not an unclassified employee. Specifically, Appellant contends that he was entitled to hold the office of law director for one year, pursuant to Ordinance 26-08, and that because Ordinance 29-08, which purported to terminate him, did not expressly repeal Ordinance 26-08, he continues to be entitled to hold that office. Further, Appellant challenges the idea that he was hired on an

at-will basis, and argues that there was no cause for his termination. Thus, Appellant essentially argues that he was wrongfully discharged.

{¶17} R.C. 124.11 governs unclassified and classified service. R.C. 124.11(A)(9) provides that "unclassified service shall comprise of the following positions, * * * those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials administrator * * *." While R.C. 124.11(A)(9) addresses county positions, R.C. 124.11(A)(28) addresses city positions "holding a fiduciary relation to their principals[.]" The city ordinance appointing Appellant to the position of law director, Ordinance 26-08, specified that Appellant was "appointed" and that his salary was "established in the unclassified and non-bargaining unit[.]" Based upon the description of Appellant's status in Ordinance 26-08, as well as the following case law, we conclude that Appellant was an appointed, unclassified employee, employed at- will by city council.

{¶18} The Supreme Court of Ohio has held that "an administrative judge * * * is not authorized to enter into an employment agreement with employees of the court." *Malone v. Court of Common Pleas of Cuyahoga County, et al.*, 45 Ohio St.2d 245, 344 N.E.2d 126, syllabus (1976) (with respect to employees that serve "during the pleasure of the judge."). In

reaching this decision, the Court reasoned that " '[a] public officer or employee holds his office as a matter of law and not of contract, nor has such officer or employee a vested interest or private right of property or employment.' " *Malone* at 248; citing *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 83 N.E.2d 393 (1948). Likewise, in *Mackin v. City of Avon Lake*, 12 Ohio App.3d 70, 465 N.E.2d 1355, syllabus (1983), the Ninth District held that "[w]here the city charter provides that a director of law shall serve at the pleasure of council for a term not exceeding two years, the director of law has no right to the office for any specified period and the appointment is not made for a fixed and definite period of time." See also, *State ex rel. Trimble v. State Board of Cosmetology et al.,* 50 Ohio St.2d 283, 364 N.E.2d 247, syllabus (1977) (holding that an individual appointed to a position in the unclassified service is not entitled to a the due process protection of a hearing before discharge); *Dunn v. Bruzzese*, 172 Ohio App.3d 320, 2007-Ohio-3500, 874 N.E.2d 1221 (7th Dist.) (reasoning that unclassified civil servants are at-will employees).

{¶19} We are further persuaded of Appellant's status as an unclassified, at-will employee by two Attorney General opinions on the topic. Opinions released by the Ohio Attorney General are not binding authority, but are considered persuasive authority. *State ex rel. North*

*Olmstead Fire Fighters Assn. v. North Olmstead*, 64 Ohio St.3d 530, 533, 597 N.E.2d 136 (1992). In 1991 Ohio Op. Atty. Gen. No. 91-011, it was reasoned that

> "[a]bsent a collective bargaining agreement, a board of county commissioners does not have the authority to enter into an employment contract which contains a specific term of employment with an individual serving in a position determined, pursuant to R.C. 124.11 to be in the unclassified service."

Appellant was expressly placed into a non-bargaining unit position. Further, although this opinion specifically deals with the authority of county commissioners, we find the reasoning to be equally applicable to city council.

{¶20} Additionally, opinion 91-011 notes that "it is well established that individuals in the unclassified service hold their positions at the pleasure of their appointing authority, and are subject to dismissal from their positions without cause." Citing *State ex rel. Trimble*, supra. The opinion also noted that because "positions in the unclassified service involve policy-making and fiduciary responsibilities, it follows reasonably that the appointing authority should be able to have people of his own choosing in

these positions." (internal citations omitted). See also, Ohio 1996 Ohio Op. Atty. Gen. No. 96-040 (reasoning with regard to a county veterans service commission that "the commission may indicate the period for which it currently intends to have the executive director serve, but the commission cannot by contract or resolution alter its legal right under civil service law to dismiss the executive director without cause at any time, subject to restraints governing unlawful dismissals.").

{¶21} As such, we conclude that Appellant was appointed to the position of law director in an unclassified capacity. This appointment created an at-will employment situation in that Appellant had no entitlement to a particular term of employment, and he could be terminated without cause and without a hearing. It is well-established under Ohio law "that either party to an employment-at-will arrangement may terminate the relationship for any or no reason, 'provided that the termination is not otherwise unlawful.'" *Slyman v. Shipman, Dixon & Livingston, Co., L.P.A.*, 2nd Dist. No. 2008-CA-35, 2009-Ohio-4126, ¶10; quoting *Smiddy v. Kinko's, Inc.*, 1st Dist. No. C-020222, 2003-Ohio-446, ¶ 8; citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 234, 551 N.E.2d 981 (1990), and *Chapman v. Adia Services, Inc.*, 116 Ohio App.3d 534, 541, 688 N.E.2d 604 (1997). Thus, an at-will employee may only maintain a tort

claim for wrongful discharge against his or her employer "where the employer discharges the employee in violation of a public policy clearly expressed in either the state or federal constitutions, state statutes, administrative rules and regulations, or the common law." Id. Here, Appellant has failed to allege a violation of any public policy related to his termination.

**{¶22}** As such, in answer to Appellant's stated issues, we conclude that in light of his termination, Appellant was not entitled to hold office for one year, and that city council was entitled to terminate Appellant without cause. Thus, we conclude that there are no genuine issues of material fact as to Appellant's employment status or city council's ability to terminate him. Accordingly, the trial court's grant of summary judgment in Appellees' favor on these issues was proper.

## ISSUE 3

**{¶23}** In his third sub issue raised under his sole assignment of error, Appellant questions whether members of Council have immunity if there is lack of good faith. In raising this issue, Appellant seems to be referencing two distinct acts by city council: 1) council's termination of Appellant as law director; and 2) council's report to the disciplinary counsel regarding alleged activities of Appellant. Appellant essentially argues that council

members have no immunity related to these acts, if they were done in bad faith.

{¶24} R.C. Chapter 2744 establishes a three-step analysis to determine whether a political subdivision is immune from liability. See, e.g., *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 270, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 14. First, R.C. 2744 .02(A)(1) sets forth the general rule that a political subdivision is immune from tort liability for acts or omissions connected with governmental or proprietary functions. See, e.g., *Cramer*; *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7; *Harp v. Cleveland Hts.*, 87 Ohio St.3d 506, 509, 721 N.E.2d 1020 (2000). The statute states: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶25} Second, R.C. 2744.02(B) lists five exceptions to the general immunity granted to political subdivisions under R.C. 2744.02(A)(1). See, e.g., *Cramer*; *Ryll v. Columbus Fireworks Display Co.*, 95 Ohio St.3d 467, 470, 2002-Ohio-2584, 769 N.E.2d 372, ¶ 25. Appellant apparently argues that the exception contained in R.C. 2744.02(B)(2) applies, which states:

"Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

{¶26} Finally, if liability exists under R.C. 2744.02(B), R.C. 2744.03(A) sets forth several defenses that re-instate a political subdivision's immunity. See *Cramer* at ¶ 16; *Colbert* at ¶ 9. In the case at bar, Appellant seems to suggest that R.C. 2744.03(A)(5) applies, which states:

"The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources *unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner*."  (Emphasis added).

Whether a political subdivision is entitled to statutory immunity under R.C. Chapter 2744 presents a question of law. See, e.g., *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992); *Murray v. Chillicothe*, 164 Ohio App.3d 294, 2005-Ohio-5864, 842 N.E.2d 95,¶ 11.

{¶27} In the case sub judice, the parties do not dispute that Appellant is entitled to the general grant of immunity under R.C. 2744.02(A)(1). Instead, the dispute focuses on whether the R.C. 2744.02(B)(2) exception to immunity applies, and, if so, whether R.C. 2744.03(A)(5) re-instates immunity.

{¶28} We have already determined that Appellee was entitled to terminate Appellant at any time, without cause, as Appellant was an unclassified, at-will employee. Further, because Appellant failed to allege any violation of public policy in connection with his termination, he has failed to allege facts sufficient to support a claim for the tort of wrongful discharge. Here, however, Appellant seems to suggest that Appellees were not immune from liability, by virtue of what Appellant characterizes as acts done in "bad faith." Specifically, Appellant contends that the trial court erred in striking the affidavit of Pat Hayes, which purported to prove that council's plan was to hire Appellant in order that they could fire him.[3]

{¶29} As set forth above, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

---

[3] Appellant further argues at this juncture in his brief that "actions taken in violation of the Sunshine Law" demonstrated bad faith on the part of Appellees in terminating Appellant. However, as we have already determined that the Sunshine Law claims were barred by the statute of limitations, we do not address this argument.

competent to testify to the matters stated in the affidavit."  Civ.R. 56(E).

Further, [p]ersonal knowledge" is " '[k]nowledge gained through firsthand

observation or experience, as distinguished from a belief based on what

someone else has said.' " *Bonacorsi,* supra, at ¶ 26.  Most importantly, it is "

'knowledge of factual truth which does not depend on outside information or

hearsay.' " *Residential Funding Co., L.L.C.,* supra at ¶ 64.

{¶30} The affidavit of Pat Hayes essentially entirely consisted of

hearsay statements, and was not based upon personal knowledge.  Thus, we

cannot conclude that the trial court's decision to strike this affidavit was an

abuse of discretion.   As a result, and in light of the foregoing, we conclude

that not only are Appellees' immune from liability, Appellant has failed to

properly set forth a cause of action for the tort of wrongful discharge.

Accordingly, the trial court properly granted summary judgment in

Appellees' favor, both in their official and individual capacities, on this

issue.

{¶31} Appellant next argues that Appellees's submission of a report to

the Disciplinary Counsel was in bad faith, or even fraudulent, claiming that

it contained the forged signature of one council member.  Appellant

contends this "bad faith" removes Appellees' immunity under R.C. 2744.02.

In *Hecht v. Levin*, 66 Ohio St.3d 458, 613 N.E.2d 585, at paragraph one of

the syllabus, the Supreme Court of Ohio held that "[a] complaint filed with the grievance committee of a local bar association is part of a judicial proceeding." The Court further held that "[a] statement made in the course of an attorney disciplinary proceeding enjoys absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." Id. at paragraph two of the syllabus; see also, *Hughley v. McFaul*, 8th Dist. No. 92901, 2009-Ohio-5568, ¶ 9. In reaching this decision, the Court further reasoned that "the privilege exists * * * irrespective of whether the statement was made in bad faith." *Hecht* at 462; see also, *Young v. Jones*, 122 Ohio App.3d 539, 543, 702 N.E.2d 445 (6th Dist. 1997) ("Such a privilege is applicable even though the statement may have been made with actual malice, in bad faith and with knowledge of its falsity.") (internal citations omitted).

{¶32} Further, and of importance, this Court has previously recognized that "political subdivisions are immune from claims of fraud." *Dolan v. Glouster*, 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 20; citing *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994); see also, *Featherstone v. Columbus*, 10th Dist. No. 06AP-89, 2006-Ohio-3150, ¶ 11 (stating that governmental immunity "applies particularly to intentional tort claims of fraud * * *.")

**{¶33}** Thus, because Appellees' report to the Disciplinary Counsel has absolute privilege, even if done in bad faith, Appellant has not stated a cause of action against Appellees, either in their official or individual capacities. Further, because political subdivisions are immune from fraud claims, we conclude that the trial court's grant of summary judgment was proper on these issues as well.

**{¶34}** Accordingly, as Appellant has failed to demonstrate the existence of genuine issues of material fact, and reasonable minds can come to but one conclusion, and that conclusion is that Appellees are entitled to judgment as a matter of law, we affirm the trial court's decision.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J: Concurs in Judgment and Opinion.
Harsha, J: Concurs in Judgment Only.

For the Court,

BY:    _____
           Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**